UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JOEL MEYER,
BARNARD BRUCE,
GARY CASEMORE,
JASON EISENBEIS,
DAVID FALK,
JAMES PALKO,
JAMES RAYMOND SMITH II,
MIGUEL TAVAREZ,
WILLIAM TOWNLEY,

                 Plaintiffs,

      - against -

LEGEND VENTURE PARTNERS, LLC,
LEGEND ADVISORS, LLC,
STEVEN LACAJ, ROBERT DAVY SAVAGE,

              Defendants.

-------------------------------------------------------------------------X

Index No. _____

**<u>VERIFIED COMPLAINT</u>**

**Plaintiffs Demand a Jury Trial**

Plaintiffs, JOEL MEYER, BARNARD BRUCE, GARY CASEMORE, JASON EISENBEIS, DAVID FALK, JAMES PALKO, JAMES RAYMOND SMITH II, MIGUEL TAVAREZ, and WILLIAM TOWNLEY, (collectively "Plaintiffs") by and through their attorneys, The Law Offices of Brandon Dei, PLLC, for their Verified Complaint against Defendants, LEGEND VENTURE PARTNERS, LLC, LEGEND ADVISORS, LLC (collectively "LEGEND"), STEVEN LACAJ ("LACAJ"), and ROBERT DAVY SAVAGE ("SAVAGE") (all collectively "Defendants") allege as follows:

**<u>PARTIES</u>**

1.     Plaintiff, JOEL MEYER ("MEYER"), is, as of this filing, a fifty-nine (59) years old individual residing in Litchfield, Minnesota.

2.     Plaintiff, BARNARD BRUCE ("BRUCE"), is, as of this filing, a forty-two (42) years old individual residing Auburn, Washington.

1

3.      Plaintiff, GARY CASEMORE ("CASEMORE"), is, as of this filing, an eighty (80) years old individual residing in Baton Rouge, Louisiana.

4.      Plaintiff, JASON EISENBEIS ("EISENBEIS"), is, as of this filing, a sixty-seven (67) years old individual residing in Eagan, Minnesota.

5.      Plaintiff, DAVID FALK ("FALK"), is, as of this filing, an eighty-one (81) years old individual residing in Saint Ansgar, Indiana.

6.      Plaintiff, JAMES PALKO ("PALKO"), is, as of this filing, a seventy-five (75) years old individual residing in Valparaiso, Indiana.

7.      Plaintiff, JAMES RAYMOND SMITH II ("SMITH"), is, as of this filing, a seventy (70) years old individual residing in Winston Salem, North Carolina.

8.      Plaintiff, MIGUEL TAVAREZ ("TAVAREZ"), is, as of this filing, a sixty-four (64) years old individual residing in Hammonton, New Jersey.

9.      Plaintiff, WILLIAM TOWNLEY ("TOWNLEY"), is, as of this filing, an eighty-two (82) years old individual residing in Ocala, Florida.

10.     Defendant, LEGEND VENTURE PARTNERS, LLC, is a Limited Liability Company formed under and by virtue of the laws of the State of Delaware, availing itself as a New York State Limited Liability Company, and with its principal and corporate office for the conduct of its business located at 90 Broad Street, 2nd Floor, New York, New York 10004.

11.     Defendant, LEGEND ADVISORS, LLC, is a Limited Liability Company formed under and by virtue of the laws of the State of Delaware, availing itself as a New York State Limited Liability Company, registered with the United States Securities and Exchange Commission ("SEC") and with its principal and corporate office for the conduct of its business located at 11 Broadway, Suite 851, New York, New York 10004.

12.     Defendant, LACAJ, is an individual resident of New York, New York and the Manager Member of LEGEND VENTURE PARTNERS, LLC during the relevant time period of this case and has acted at all material times hereto within the scope of his employment or agency.

13.     Defendant, SAVAGE, is an individual resident of New York, New York and the Owner of LEGEND ADVISORS, LLC during the relevant time period of this case and has acted at all material times hereto within the scope of his employment or agency.

## JURISDICITION AND VENUE

14.     This action is commenced pursuant to §§ 20(b) and 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and (g)] and §§ 21(d) and (e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78i(d) and (e)] to rescind the transactions complained of herein, to obtain disgorgement, prejudgment interest, attorneys fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

15.     Defendants were involved in the offer and sale to Plaintiffs of interests in the fund called LEGEND VENTURES FUND, LLC (hereinafter the "Fund"), which was designed to purchase pre-IPO stocks for Plaintiffs, among others.

16.     Each of these interests are a "security" as defined under § 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and § 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)].

17.     Defendants, directly or indirectly, made use of the mails or the means or instrumentalities of interstate commerce in connection with the conduct alleged in this Complaint.

18.     This Court has subject matter jurisdiction over this action pursuant to § 22 of the Securities Act [15 U.S.C. § 77v], §§ 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa], and 28 U.S.C. § 1331.

19.     If applicable, the Court also has pendent jurisdiction over state law claims in this action pursuant to 28 U.S.C. § 1367(a).

20.    Venue in this District is proper because Defendants are found, inhabit, and/or transacted business in the Southern District of New York.

## SUMMARY OF THE ACTION

21.    LEGEND, acting out of the firm StraightPath Venture Partners, LLC ("StraightPath"), was engaged in soliciting Plaintiffs to purchase unregistered securities by unlicensed individuals, and individuals who had submitted a Letter of Acceptance Waiver and Consent ("AWC") to the Securities and Exchange Commission ("SEC") and/or the Financial Industry Regulatory Authority ("FINRA"), and/or had been barred from selling securities to anyone due to their alleged misconduct.

22.    On or around April 20, 2022, Plaintiff MEYER made a recorded phone call to a representative at StraightPath, seeking status for his account, in which a representative from LEGEND, Brandon Cara, answered the phone and confirmed that LEGEND "absorbed the retail business of StraightPath.  Everything is still going to be the same, you're still going to have the same representative, same positions, everything like that, just the name on the disclosures will be different now because [StraightPath] is now dealing strictly with other funds and institutions, they're a wholesale fund, and the retail business has been absorbed by LEGEND, it was set up specifically to do that." ***See* Full Transcript of Phone Call pgs. 9-12 of this Complaint**.

23.    On or around May 13, 2022, the SEC filed a complaint in the United States District Court for the Southern District of New York under Index No. 1:22-cv-03897 against StraightPath and numerous individuals related to StraightPath alleging a violation of several federal securities laws related to transactions conducted by StraightPath.

24.    On or around June 14, 2022, the Court in that case entered a Consent Order Appointing a Receiver (Dkt. No. 56) which appointed an independent Receiver of StraightPath, Melanie L. Cyganowski ("Receiver").

25.    On or around October 31, 2022, the Receiver issued "The Receiver's Second Quarterly Status Report to the Court" whereby the Receiver stated, *inter alia*:

> "Certain investors informed the Receiver that individuals have been contacting them regarding an entity known as Legend Venture Partners ("Legend") stating that Legend is a continuation of StraightPath and requesting the investors to invest money in Legend.  Legend is not part of the Receivership and the Receiver has no control over Legend.  The Receiver's review of the Receivership Entities' bank records shows that before the start of the Receivership, **the Receivership Entities transferred over $30 million to entities that are associated with individuals who are also associated with Legend**.  Additionally, the Receivership Entities' records show that StraightPath emailed StraightPath investor information to an email address associated with Legend as late as March, 2022." (emphasis added).

26.    Upon information and belief, LEGEND has been continuing all of the fraudulent activity conducted by StraightPath under a new name in the false hope to avoid associating themselves with StraightPath as StraightPath is under investigation by the SEC.

27.    Without telling Plaintiffs that it was unlicensed, that individuals who were dealing with Plaintiffs were unlicensed, and/or had been barred from selling securities due to their alleged misconduct, LEGEND solicited Plaintiffs to buy fraudulent securities in the Fund.

28.    While engaged in these solicitations with Plaintiffs, LEGEND was neither registered with the SEC as a broker or dealer nor associated with a broker or dealer registered with the SEC.

29.    While engaged in these solicitations with Plaintiffs, LEGEND was neither registered with FINRA as a broker or dealer nor associated with a broker or dealer registered with FINRA.

30.     Upon information and belief, LEGEND's Manager Member, Defendant LACAJ is not a registered securities broker or dealer with the SEC or FINRA.

31.     Upon information and belief, the individual at LEGEND ADVISORS Owner, Defendant SAVAGE, is not a registered securities broker or dealer with the SEC or FINRA.

32.     Nevertheless, upon information and belief, LEGEND earned commissions and/or other fees that are presently unknown to Plaintiffs.

33.     By engaging in this conduct, as further described herein, LEGEND violated §§ 5(a) and (c) and 17(a)(1) and (3) of the Securities Act [15 U.S.C. §§ 77e(a) and (c), 77q(a)(1) and (3)], §§ 10(b) and 15(a)(1) of the Exchange Act [15 U.S.C. §§ 78j(b), 78o(a)(1)], and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)].

34.     LEGEND and its principals, directors, and agents knew or should have known that the firm, and all those who were soliciting and eventually making sales of securities to Plaintiffs, were required to be licensed by the SEC and FINRA.

## **FACTS**

35.     Upon information and belief, beginning approximately September 2021, unlicensed individuals, including Defendants LACAJ and SAVAGE, on behalf of LEGEND, acting out of the firm StraightPath Venture Partners, LLC, solicited Plaintiffs to purchase fraudulent securities, and held itself out as if the firm was a broker or dealer licensed by the SEC and FINRA.

36.     The actions by individuals, representatives, and agents as alleged hereinabove were willful, and with the knowledge and consent of the principals, directors, and officers of LEGEND.

37.     Thereafter, Plaintiffs sent LEGEND a total of $2,798,502.00 to purchase these securities from LEGEND through the Fund in the following disbursements:

    a.     MEYER

        •     $1,434,010.00 – StraigthPath moved to LEGEND

**b.**     BRUCE

- $82,967.00 – StraightPath

- $55,900.00 – LEGEND

**c.**     CASEMORE

- $500,000.00 – StraightPath

**d.**     EISENBEIS

- $218,000.00 – StraightPath

**e.**     FALK

- $26,000.00 – LEGEND

**f.**     PALKO

- $111,000.00 – LEGEND

**g.**     SMITH

- $327,625.00 – StraightPath

**h.**     TAVAREZ

- $25,000.00 – StraightPath

**i.**     TOWNLEY

- $18,000.00 – StraightPath

38.     Upon information and belief, after Plaintiffs became aware that the individuals they had been dealing with at LEGEND, and LEGEND itself, were not licensed with the SEC and/or FINRA, Plaintiffs requested recission of the investments purchased by LEGEND on his behalf.

39.     Upon information and belief, the requests for recission were denied by LEGEND.

40.     On or around April 20, 2022, Plaintiff MEYER made a recorded phone call to a representative at StraightPath, seeking status for his account, in which a representative from LEGEND, Brandon Cara, answered the phone and confirmed that LEGEND "absorbed the retail

business of StraightPath.  Everything is still going to be the same, you're still going to have the same representative, same positions, everything like that, just the name on the disclosures will be different now because [StraightPath] is now dealing strictly with other funds and institutions, they're a wholesale fund, and the retail business has been absorbed by LEGEND, it was set up specifically to do that." *See* **Full Transcript of Phone Call pgs. 9-12 of this Complaint**.

41.    On or around May 13, 2022, the SEC filed a complaint in the United States District Court for the Southern District of New York under Index No. 1:22-cv-03897 against StraightPath and numerous individuals related to StraightPath alleging a violation of several federal securities laws related to transactions conducted by StraightPath.

42.    On or around June 14, 2022, the Court in that case entered a Consent Order Appointing a Receiver (Dkt. No. 56) which appointed an independent Receiver of StraightPath, Melanie L. Cyganowski ("Receiver").

43.    On or around October 31, 2022, the Receiver issued "The Receiver's Second Quarterly Status Report to the Court" whereby the Receiver stated, *inter alia*:

> "Certain investors informed the Receiver that individuals have been contacting them regarding an entity known as Legend Venture Partners ("Legend") stating that Legend is a continuation of StraightPath and requesting the investors to invest money in Legend.  Legend is not part of the Receivership and the Receiver has no control over Legend.  The Receiver's review of the Receivership Entities' bank records shows that before the start of the Receivership, **the Receivership Entities transferred over $30 million to entities that are associated with individuals who are also associated with Legend**.  Additionally, the Receivership Entities' records show that StraightPath emailed StraightPath investor information to an email address associated with Legend as late as March, 2022" (emphasis added).

8

44.     Upon information and belief, LEGEND has been continuing all of the fraudulent activity conducted by StraightPath under a new name in the false hope to avoid associating themselves with StraightPath as StraightPath is under investigation by the SEC.

45.     On or around November 7, 2022, counsel for Plaintiffs sent a Demand Letter to Defendants to return Plaintiffs' investment.

46.     On or around November 2022 counsel for the Defendants responded that there was no intention for the Defendants to return Plaintiffs $2,798,502.00 used to invest in fraudulent securities sold by the Defendants.

**PHONE CALL WITH DEFENDANT LEGEND AND PLAINTIFF MEYER**

47.     Upon information and belief, on or around April 20, 2022, Plaintiff JOEL MEYER, called StraightPath to check the status of his investment account and recorded this conversation.

48.     Upon information and belief, MEYER called a phone number that was previously registered with StraightPath and a representative from LEGEND, Brandon Cara, answered the phone.

49.     The following is a full transcript of the recorded April 20, 2022 phone call between MEYER and representative at LEGEND, Brandon Cara:

LEGEND:     "Legend Venture Partners ("LEGEND"), how can I help you?"

MEYER:      "Yes, uh, I thought I was calling StraightPath."

LEGEND:     "No, this is LEGEND, may I ask who is speaking?"

MEYER:      "This is Joel Meyer."

LEGEND:     "Hi Joel, so what happened is, over the last couple of years StraightPath has grown to a point where they have now become a wholesale fund dealing directly with institutions.  Uh, and LEGEND is established to absorb the retail business of StraightPath.  Everything is still going to be the same,

you're still going to have the same representative, same positions, everything like that, just the name on the disclosures will be different now because [StraightPath] is now dealing strictly with other funds and institutions, they're a wholesale fund, and the retail business has been absorbed by LEGEND, it was set up specifically to do that."

MEYER:      "OK, but what does that mean for my investment?"

LEGEND:     "Nothing with your investment's changed.  So, it's still going to be [incomprehensible], still managed by the same person, everything is going to be the same.  The only thing that changes is the disclosures that you get moving forward are going say LEGEND instead of StraightPath."

MEYER:      "OK, alright."

LEGEND:     "But nothing has changed with your position."

MEYER:      "Alright."

LEGEND:     "Was there something I could help you with today though?"

MEYER:      "Well, I just want to know what the status of my account is."

LEGEND:     "OK.  I can have somebody to give you a call to give you an update on everything.  Umm, so what companies are you involved in?  Do you know off the top of your head?"

MEYER:      "Well, uh, I tend to speak to Chris Hayes is he still there?"

LEGEND:     "OK, yeah, yeah, let me see if Chris is available for you, OK?"

            *Time passes as LEGEND representative, Brandon Cara, goes to see if Chris Hayes is available to speak.*

LEGEND:     "Hi Joel?"

MEYER:      "Yes?"

10

LEGEND:       "Chris is in a meeting currently right now, can I take a message for you or a call back number and then I will get it to him as soon they're done, and he will give you a call back later when he has a chance?"

MEYER:        *Gives his phone number to LEGEND.*

MEYER:        "What is your name?"

LEGEND:       "I will have him call you back as soon as he is done.  My name is Brandon. Brandon Cara."

MEYER:        "OK, and how old is LEGEND?"

LEGEND:       "So LEGEND was set up this year.  As I said, they were set up recently to absorb the retail business of StraightPath.  So, they were just recently set up, but everybody here in the front has been in the business for many, many years.  Like I said, everybody's still the same, still the same people, it's just a different entity was formed to absorb the retail business of StraightPath because they are now a wholesale fund."

MEYER:        "OK, so my stuff has actually been moved to LEGEND?"

LEGEND:       "So yea, your positions are still going to be managed, so, your positions with StraightPath are still under their name because of how it is for S.E.C. regulations, but everything's going to be managed by us.  It's going to be actually a more stream less process moving forward as well because we're strictly only doing retail business, we're not dealing with other funds or institutions like StraightPath is, dealing with OK?  So, all your previous positions are still under StraightPath, it's still going to be managed, you're still going to be working with Chris, and any future trades will be through LEGEND, OK?"

11

MEYER:          "OK, alright, I got a lot of money with you guys so um."

LEGEND:         "Oh yes, I'll make sure to call from this number so they can reach out to

                you, OK?"

MEYER:          "Alright, thank you."

LEGEND:         "Alright Joel, have a great day."

## DEMAND FOR TRIAL BY JURY

50.     Plaintiffs hereby respectfully requests a trial by jury for all claims and issues in

their Complaint to which they are or may be entitled to a jury trial.

## CAUSES OF ACTION

For each of the Causes of Action set forth below, Plaintiffs repeats, reiterates, and re-

alleges the allegations set forth in all paragraphs above as if more fully set forth at length herein.

### I.    Violations of § 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]

51.     By engaging in the conduct described above, LEGEND:

    a.  engaged in the business of effecting transactions in securities for the account of

        others; and

    b.  directly or indirectly made use of the mails or the means or instrumentalities of

        interstate commerce to effect transactions in or to induce or to attempt to induce the

        purchase or sale of securities without being registered as a broker or dealer with the

        SEC or FINRA

52.     As a result of the foregoing, Plaintiffs have been damaged and the Court must

rescind the transactions complained of herein, order disgorgement against the Defendant in the

amount of $2,798,502.00, and award to the Plaintiffs with interest, attorneys' fees, court costs,

punitive damages, and such other and further relief as this Court may deem just and proper.

**II.    Violations of § 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)]**

53.    By engaging in the conduct described above, LEGEND directly or indirectly, individually or in concert with others in the offer and sale of securities by use of the means and instruments of transportation and communication in interstate commerce or by use of the mails has:

      a.   employed devices, schemes, or artifices to defraud; and

      b.   engaged in transactions, practices, or courses of business which operated or would operate as a defraud or deceit.

54.    With respect to violations of §§ 17(a)(3) of the Securities Act, LEGEND was at least negligent in its conduct.

55.    With respect to violations of § 17(a)(1) of the Securities Act, LEGEND engaged in the above-referenced conduct knowingly or with recklessness.

56.    By reason of the foregoing, LEGEND violated §§ 17(a)(1) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)].

57.    As a result of the foregoing, Plaintiffs have been damaged and the Court must rescind the transactions complained of herein, order disgorgement against the Defendant in the amount of $2,798,502.00, and award to the Plaintiffs with interest, attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

**III.    Violations of §§ 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)]**

58.    By engaging in the conduct described above, Defendants directly or indirectly, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce or by use of the mails have:

      a.   employed devices, schemes, or artifices to defraud; and

b.  engaged in transactions practices or courses of business which operated or would operate as a defraud or deceit upon purchasers and other persons, including Plaintiffs.

59.    Defendants engaged in the above-referenced conduct knowingly or with severe recklessness.

60.    By reason of the foregoing, Defendants violated § 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) and (c) [17 C.F.R. § 240.10b-5(a) and (c)].

61.    As a result of the foregoing, Plaintiffs have been damaged and the Court must rescind the transactions complained of herein, order disgorgement against the Defendant in the amount of $2,798,502.00, and award to the Plaintiffs with interest, attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

## IV.    *Respondeat Superior*

62.    *Respondeat Superior* is a legal doctrine that holds an employer or principal legally responsible for the wrongful acts of an employee or agent, if such acts occur within the scope of the employment or agency.

63.    The wrongful acts complained of herein were executed, performed, or done by employees or agents of LEGEND, including LACAJ, and SAVAGE.

64.    As a result of the foregoing, Plaintiffs have been damaged and the Court must rescind the transactions complained of herein, order disgorgement against the Defendant in the amount of $2,798,502.00, and award to the Plaintiffs with interest, attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

## V.    Successor Liability

65.    New York Federal Courts hold that, generally, when one company sells or transfers its assets to another company, the acquiring company does not become liable for the debts of

14

liabilities of the first company, except where: (1) the buyer expressly assumed the debt at issue; (2) the transaction was undertaken to defraud creditors; (3) the transaction constitutes a *de facto* merger; and (4) the successor is a mere continuation of the predecessor.

66.     By engaging in the conduct described above, LEGEND, **after receiving over $30 million in assets from StraightPath**, is either a *de facto* merger of StraightPath or simply a mere continuity of StraightPath and is fully liable for any wrongdoing acted by StraightPath.

67.     When a client of StraightPath calls a phone number associated with StraightPath, and a representative from LEGEND answers the phone and explains to the client that LEGEND is acting entirely the same as it was when it was called StraightPath, the same people, the same brokers, the same accounts, everything the same, except for the fraudulent disclosures being filed with the federal regulatory authorities, LEGEND, **with over $30 million of StraightPath's assets**, is nothing more than StraightPath with a different name.

68.     Upon information and belief, other clients of StraightPath and LEGEND, including some of the named Plaintiffs, had similar conversations as described above with other LEGEND representatives.

69.     As a result of the foregoing, Plaintiffs have been damaged and the Court must rescind the transactions complained of herein, order disgorgement against the Defendant in the amount of $2,798,502.00, and award to the Plaintiffs with interest, attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

## **FOR ALL CLAIMS**

70.     Plaintiffs repeats, reiterates, and re-alleges the allegations set forth in all paragraphs above as if more fully set forth at length herein.

71.     As a result of the foregoing conduct, Plaintiffs also request attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiffs have been damaged and the Court must rescind the transactions complained of herein, order disgorgement against the Defendants in the amount of at least $2,798,502.00, and award to the Plaintiffs attorneys' fees, court costs, punitive damages, and such other and further relief as this Court may deem just and proper.

February 6, 2023
Huntington, New York

Respectfully submitted,

Brandon Dei, Esq. (NY Bar: 5840772)
The Law Offices of Brandon Dei, PLLC
***Attorneys for Plaintiffs***
223 Wall Street, Suite 377
Huntington, New York 11743
(631) 519-2794
brndndei@gmail.com
brandon@arbitrationlawgroup.com



16

## **VERIFICATION**

STATE OF Minnesota )
                   ) SS:
COUNTY OF MEEKER )

     JOEL MEYER, being duly sworn, hereby states as follows: I am one of the Plaintiffs in

the above-referenced matter.  I have read the foregoing Complaint and know the facts thereof to

be true to my knowledge, except as to matters therein stated to be alleged upon information and

belief, and as to those matters, I believe them to be true.

Dated: January 24, 2023



JOEL MEYER

STATE OF Minnesota )
                   ) SS:
COUNTY OF Meeker )

     On the 24 day of January 2023, before me, the undersigned, a Notary Public in the above
State, personally appeared JOEL MEYER personally known to me or proved to me on the basis
of satisfactory evidence to be the individual whose name is subscribed to the within instrument
and knowledge to me that he/she executed the same in his/her capacity, and that by his/her
signature on the instrument, the individual, or the person upon behalf which the individual acted
executed this instrument.

KATE R. PETERSON
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2026

NOTARY PUBLIC

**VERIFICATION**

STATE OF _WA_      )
                   ) SS:
COUNTY OF _KING_   )

      BARNARD BRUCE, being duly sworn, hereby states as follows: I am one of the Plaintiffs

in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof

to be true to my knowledge, except as to matters therein stated to be alleged upon information and

belief, and as to those matters, I believe them to be true.

Dated: January _30_ 2023

_Barnard A Bruce_
BARNARD BRUCE

STATE OF _WA_      )
                   ) SS:
COUNTY OF _KING_   )

      On the _30_ day of January 2023, before me, the undersigned, a Notary Public in the above
State, personally appeared BARNARD BRUCE personally known to me or proved to me on the
basis of satisfactory evidence to be the individual whose name is subscribed to the within
instrument and knowledge to me that he/she executed the same in his/her capacity, and that by
his/her signature on the instrument, the individual, or the person upon behalf which the individual
acted executed this instrument.

_Kyrstin Schlager_
NOTARY PUBLIC

KYRSTIN SCHLAGER
Notary Public
State of Washington
Commission # 203004
My Comm. Expires Jun 5, 2026

**VERIFICATION**

STATE OF Louisiana )
                    ) SS:
COUNTY OF East Baton Rouge )

     GARY CASEMORE, being duly sworn, hereby states as follows: I am one of the Plaintiffs

in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof

to be true to my knowledge, except as to matters therein stated to be alleged upon information and

belief, and as to those matters, I believe them to be true.

Dated: ~~December~~ , ~~2022~~
     January 31, 2023

                                      GARY CASEMORE

STATE OF Louisiana )
        East Baton ) SS:
COUNTY OF Rouge )

     JANUARY 2023

     On the 21 day of ~~December 2022,~~ before me, the undersigned, a Notary Public in the
above State, personally appeared GARY CASEMORE personally known to me or proved to me
on the basis of satisfactory evidence to be the individual whose name is subscribed to the within
instrument and knowledge to me that he/she executed the same in his/her capacity, and that by
his/her signature on the instrument, the individual, or the person upon behalf which the individual
acted executed this instrument.

                                        NOTARY PUBLIC



OFFICIAL SEAL
**CASSANDRA R. ALLAIN**
NOTARY ID # 137528
STATE OF LOUISIANA
My Commission is for Life

**VERIFICATION**

STATE OF __MN__ )

                  ) SS:

COUNTY OF Hennepin )

      JASON EISENBEIS, being duly sworn, hereby states as follows: I am one of the Plaintiffs

in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof

to be true to my knowledge, except as to matters therein stated to be alleged upon information and

belief, and as to those matters, I believe them to be true.

Dated: December 28, 2022

                                JASON EISENBEIS

STATE OF Mn )

                  ) SS:

COUNTY OF Hennepin )

      On the 28ᵗʰ day of December 2022, before me, the undersigned, a Notary Public in the above State, personally appeared JASON EISENBEIS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

DIANE LYNN ST. GEORGE
Notary Public-Minnesota
My Commission Expires Jan 31, 2025

NOTARY PUBLIC

**VERIFICATION**

STATE OF _Missouri_ )
                         ) SS:
COUNTY OF _Jackson_ )

       DAVID FALK, being duly sworn, hereby states as follows: I am one of the Plaintiffs in the above-referenced matter.  I have read the foregoing Complaint and know the facts thereof to be true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: January _30_, 2023

                                          _David R. Falk_
                                          DAVID FALK

STATE OF _Missouri_ )
                         ) SS:
COUNTY OF _Jackson_ )

       On the _30_ day of January 2023, before me, the undersigned, a Notary Public in the above State, personally appeared DAVID FALK personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

                                      _Miriam E. Brown_
                                      NOTARY PUBLIC

> MIRIAM E. BROWN
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Jackson County
> My Commission Expires: May 16, 2025
> Commission Number: 21803033

**VERIFICATION**

STATE OF _Florida_ )
                      ) SS:
COUNTY OF _Polk_ )

JAMES PALKO, being duly sworn, hereby states as follows: I am one of the Plaintiffs in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof to be true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: January _25_, 2023



JAMES PALKO

STATE OF _Florida_ )
                      ) SS:
COUNTY OF _Polk_ )

On the _25_ day of January 2023, before me, the undersigned, a Notary Public in the above State, personally appeared JAMES PALKO personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

THOMAS L. BOLL
Notary Public, State of Florida
My comm. expires Aug. 29, 2026
Commission Number HH 265431

_Thomas L. Boll_
NOTARY PUBLIC

## **VERIFICATION**

STATE OF _NC_ )
                           ) SS:
COUNTY OF _Forsyth_ )

    JAMES RAYMOND SMITH II, being duly sworn, hereby states as follows: I am one of the Plaintiffs in the above-referenced matter.  I have read the foregoing Complaint and know the facts thereof to be true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: January 25, 2023

                                          _JAMES RAYMOND SMITH II_

STATE OF _NC_ )
                           ) SS:
COUNTY OF _Forsyth_ )

    On the 25 day of January 2023, before me, the undersigned, a Notary Public in the above State, personally appeared JAMES RAYMOND SMITH II personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

LESLIE L HINSON
NOTARY PUBLIC
Forsyth County
State of North Carolina
My Comm. Expires July 2, 2025

NOTARY PUBLIC

## VERIFICATION

STATE OF _NJ_ )
_____ ) SS:
COUNTY OF _Atlantic_ )

MIGUEL TAVAREZ, being duly sworn, hereby states as follows: I am one of the Plaintiffs in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof to be true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: February _2_ , 2023

_____
MIGUEL TAVAREZ

STATE OF _NJ_ )
_____ ) SS:
COUNTY OF _Atlantic_ )

On the _2_ day of February 2023, before me, the undersigned, a Notary Public in the above State, personally appeared MIGUEL TAVAREZ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

ELEANOR HEGGAN
Notary Public
State of New Jersey
My commission expires March 9, 2026

_____
NOTARY PUBLIC

**VERIFICATION**

STATE OF Florida )
                         ) SS:
COUNTY OF Marion )

WILLIAM TOWNLEY, being duly sworn, hereby states as follows: I am one of the Plaintiffs in the above-referenced matter. I have read the foregoing Complaint and know the facts thereof to be true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: January 25, 2023

_____
WILLIAM TOWNLEY

STATE OF Florida )
                         ) SS:
COUNTY OF Marion )

On the 25 day of January 2023, before me, the undersigned, a Notary Public in the above State, personally appeared WILLIAM TOWNLEY personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and knowledge to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted executed this instrument.

_____
NOTARY PUBLIC

Notary Public State of Florida
Janie E Krohne
My Commission GG 263564
Expires 02/14/2023

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOEL MEYER,
BARNARD BRUCE,
GARY CASEMORE,                                                        Index No. _____
JASON EISENBEIS,
DAVID FALK,
JAMES PALKO,
JAMES RAYMOND SMITH II,
MIGUEL TAVAREZ,
WILLIAM TOWNLEY,

                                        Plaintiffs,

        - against -

LEGEND VENTURE PARTNERS, LLC,
LEGEND ADVISORS, LLC,
STEVEN LACAJ, ROBERT DAVY SAVAGE,

                                        Defendants.

---

---

### PLAINTIFFS' SUMMONS AND VERIFIED COMPLAINT

---



THE LAW OFFICES OF
**BRANDON DEI**
PLLC

223 Wall Street, Suite 377
Huntington, New York 11743
(631) 519-2794
brndndei@gmail.com
brandon@arbitrationlawgroup.com